■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. HENRY PASTORE, Respondent, v STEPHEN DALSHEIM et al., Appellants. — In a habeas corpus proceeding, the appeal is from a judgment of the Supreme Court, Westchester County (Cerrato, J.), entered July 10, 1980, which sustained petitioner's writ of habeas corpus, vacated a parole revocation detainer warrant against him and discharged him from custody. Judgment reversed, on the law, without costs or disbursements, proceeding dismissed and petitioner is directed to surrender himself to the Superintendent of the Ossining Correctional Facility. Petitioner, who was on parole, was stopped by FBI agents, acting on information that he was carrying a gun. The gun was in a brown paper bag and was found on petitioner's person. He claimed that he had been given the bag by one "Spanish Tony" when the two were in a hospital waiting room, that he looked into the bag and saw the gun, and that he sought, but was unable to return it to Spanish Tony. Instead he left the hospital to turn the gun over to the police. While he was en route, he was arrested. He conceded he had no gun permit.

Federal charges arising from the arrest were dropped because the FBI was unwilling to reveal the name of or produce its informant. Petitioner was charged with violation of his parole because of the arrest and alleged possession of the weapon. One of the arresting FBI agents testified at the parole revocation hearing about finding the gun. The hearing officer concluded that there was no evidence of possession of a loaded firearm, but found that the charge of possessing a weapon was sustained. The hearing officer recommended that petitioner be continued on parole. Parole authorities accepted the hearing officer's findings but determined that petitioner's parole should be revoked. Special Term regarded the hearing officer's conclusion as "repugnant". It found that petitioner's possession was transitory and did not constitute knowing and willful possession. The court concluded that, given the failure to divulge the name of Spanish Tony, there was no compelling proof of illegality. Special Term thus, *inter alia,* sustained petitioner's writ of habeas corpus. We reverse. On the record before him the hearing officer had the right to conclude that the petitioner's testimony, about his alleged transitory possession of the gun while he went from a hospital to find the police to turn in the gun someone asked him to hold, was unworthy of belief. Rather than produce the informant or reveal his identity, the FBI chose to lose the Federal prosecution. But the Federal charge is not at issue. The question is whether on the proof brought before the hearing officer, the charge of violation of parole because of the possession of a weapon was sustained. We conclude that it was sustained. Accordingly, the writ should be dismissed. Damiani, J. P., O'Connor, Thompson and Niehoff, JJ., concur.